DIANA GRIBBON MOTZ, Circuit Judge,
dissenting.
Section 8(a)(1) of the National Labor Relations Act makes it an unfair labor practice for an employer “to interfere with, restrain, or coerce employees in the excer-cise of the rights guaranteed in” Section 7 of the Act. See 29 U.S.C. § 158(a)(l)(2000). “It is beyond question that an employer’s exclusion of union representatives from public property violates Section 8(a)(1), so long as the union representatives are engaged in activity protected by Section 7 of the Act.” Bristol Farms, Inc., 311 N.L.R.B. 437, 437 (1993).
Greenbrier initially contends that it did not engage in “employer[ ] exclusion,” id. (emphasis added), of Union representa-fives because it merely alerted the police to their picketing and “left the matter of how to handle the pickets ... in the hands of the police.” Brief of Appellant at 21. While Greenbrier employees never directly told the police to remove the picketers, they notified the police of the picketers’ presence on two separate occasions, continued to monitor the picketers after the police had been notified, photographed the picketers, took notes on their activities, and even accompanied the police when speaking with the picketers. Moreover, after the city had decided not to enforce the present ordinance, Greenbrier’s attorney directly urged the police to do so. Although the city ultimately made the decision as to enforcement, this activity suffices to establish that Greenbrier “initi-at[ed] a chain of events that culminated in the attempted removal of nonemployee union representatives,” which constituted an “employer exclusion” of these representatives under § 8(a)(1). See Wild Oats Markets, Inc., 336 N.L.R.B. 179, 180 (2001).
This does not, however, carry the day for the Union. Although it is a very close question, Judge Shedd’s fine opinion has persuaded me that we must nonetheless grant Greenbrier’s petition for review. The National Labor Relations Board recognizes that an employers’ “exclusion” is justified when it involves summoning the police to remove nonemployee union representatives whose activities are shown to “creat[e] a potentially dangerous traffic condition.” Victory Markets, Inc. d/b/a Great American, 322 N.L.R.B. 17, 21 (1996). Here, as Judge Shedd notes, the *402 picketing unquestionably posed a potentially serious traffic condition; the activity involved the use of distracting signs along a two-lane U.S. highway that is one of the county’s major thoroughfares, during the congested morning commute. Because safety concerns were genuine, Greenbrier’s request that local law enforcement officials assess the situation cannot be dismissed as subterfuge. These very real traffic safety concerns justified Greenbrier’s contact of local law enforcement so that it could make an independent assessment of public safety and reach a decision regarding the picketing activity. See id. Greenbrier’s actions cannot, therefore, be deemed to violate § 8(a)(1). Id.
For these reasons, I concur in the court’s judgment granting Greenbrier’s petition for review and denying the Board’s cross-application for enforcement.